IN THE UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO.

ADOLFO ARELLANO,  )
 )
         Plaintiff,  )
 )      **DEFENDANT'S**
vs. )     **NOTICE OF REMOVAL**
 )      **TO FEDERAL COURT**
NEO CORPORATION,  )
 )
         Defendant. )
 )
 )

PLEASE TAKE NOTICE, that Defendant, Neo Corporation, by and through the undersigned counsel, pursuant to 28 U.S.C. §§1441 and 1446, and hereby remove this action from the Superior Court of Haywood County, North Carolina, to the United States District Court for the Western District of North Carolina, Asheville Division, based on the following grounds:

## I. NATURE OF ACTION

1. On or about January 6, 2020, the Plaintiff filed this civil action in the General Court of Justice, Superior Court Division, Haywood County, North Carolina entitled, *Adolfo Arellano vs. Neo Corporation, File No.: 19 CVS 1343.* (*See* Deft.'s Exh.: 1-1)

2. The Complaint purports to assert causes of action for: (a) Violation of the Americans with Disability Act, (b) Wrongful Discharge in Violation of Public Policy, and (c) Violation of North Carolina Wage and Hour Act.

3. The Plaintiff was employed by the Defendant until his termination in November 2017. The Plaintiff's purported causes of actions arise out of the Defendant's termination of the Plaintiff's employment.

## II. DEFENDANT'S PETITION FOR REMOVAL IS TIMELY

4. The Plaintiff served a copy of the Summons and Complaint on the Defendant on January 6, 2020. (*See* Deft.'s Exh. No.: 1-3).

5. In accordance with 28 U.S.C. §1446(b)(1), the Defendant is timely filing this Notice of Removal within thirty (30) days of the filing and service of the Plaintiff's Complaint.

## III. FEDERAL JURISDICTION EXIST

6. As stated in 28 U.S.C. §1331, "the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See also Howard vs. Food Lion, Inc.,* 232 F. Supp. 2d 585, 592 (M.D.N.C. 2002) (Noting that "Federal Courts have jurisdiction over claims arising under federal law, a category that includes claims based on a cause of action created by federal statute.")

7. Count One of the Plaintiff's Complaint asserts a claim for "Violation of the Americans with Disabilities Act" 42 U.S.C. §12112 at *et. seq.* as amended (ADA). (*See* Compl. ¶¶ 37-42). Accordingly, this Court has original jurisdiction over the Plaintiff's ADA claim.

8. Count Two of the Plaintiff's Complaint asserts a claim for "wrongful discharge in violation of public policy". (See Compl. ¶¶ 44-47)

9. Count Three of the Plaintiff's Complaint asserts a claim for "violation of the North Carolina Wage and Hour Act". (See Compl. ¶¶ 49-55). For the most part, the North Carolina

Wage and Hour Act provides the same rights and remedies as the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*.

10. In accordance with 28 U.S.C. §1441, "Upon removal, the Court in its discretion may assert jurisdiction over claims forming part of the same case or controversy as the federal question claim...." *Howard*, 232 F. Supp. 2d at 592. In this civil action, the Plaintiff's state law claims derive from a common nucleus of facts as the federal question claim in that the Plaintiff alleges that he was wrongfully terminated as a result of an alleged disability. *See United Mine Workers vs. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130, 1138, 16 L. Ed. 2d 218 (1966) (Noting that pendent jurisdiction extends to State law claims when the State and Federal claims "derive from a common nucleus of operative facts.")

11. In the exercise of judicial economy, convenience, and fairness, it is appropriate for this Court to exercise supplemental jurisdiction over the state law claims asserted in the Plaintiff's Complaint.

## IV. REMOVAL TO THIS DISTRICT COURT IS PROPER

12. Removal of this civil action to the United States District Court for the Western District of North Carolina is proper because the Plaintiff filed this action in Haywood County Superior Court, and the Haywood County Superior Court lies in this Federal District and Division. 28 U.S.C. §1441(a).

## V. CONSENT AND REMOVAL REQUIREMENTS

13. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served to date upon the Defendant in this matter are attached hereto as follows:

a) Plaintiff's Complaint attached as *Deft.'s Exh. 1-1*;

b) Plaintiff's Delayed Service of Complaint attached as *Deft.'s Exh. 1-2*;

c) Plaintiff's Affidavit of Service attached as *Deft.'s Exh. 1-3*; and

d) Defendant's Notice of Filing of Notice of Removal as *Deft.'s Exh. 1-4*.

14. The Notice of Removal will promptly be served on Plaintiff, and a Notice of its filing is being filed simultaneously with the Clerk of Superior Court of Haywood County, North Carolina, pursuant to 28 U.S.C. §1446(d), with the Notice attached hereto as Deft.'s Exh. 1-4.

## VI. RESERVATION OF RIGHTS

15. The Defendant hereby reserves any and all rights to assert any defenses to Plaintiff's Complaint.

16. The Defendant hereby reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, the Defendant hereby removes this action from the North Carolina General Court of Justice, Superior Court Division, Haywood County, to the United States District Court for the Western District of North Carolina, Ashville Division.

THIS the 28th day of January, 2020.

                                          ROBERTS & STEVENS, P.A.

                                          By <u>s/Jacqueline D. Grant</u>
                                               JACQUELINE D. GRANT
                                               N.C. Bar No. 22079
                                               *Attorney for Defendant*
                                               P.O. Box 7647
                                               Asheville, NC 28802
                                               828-252-6600
                                               jgrant@roberts-stevens.com

## CERTIFICATE OF SERVICE

  This is to certify that the undersigned has this date served this *Notice of Removal* in the above entitled action upon all parties to this cause via electronic mail and by depositing a copy hereof in a post paid wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service, properly addressed as follows:

> Stephen P. Agan
> Hyler & Agan, PLLC
> 38 Orange Street
> Asheville, NC 28801
> *Attorney for Plaintiff*
> steve@hylerandagan.com

THIS the 28th day of January, 2020.

s/Jacqueline D. Grant
JACQUELINE D. GRANT
