IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 27 MR WCM

| | | |
|---|---|---|
| ADOLFO ARELLANO,<br><br>Plaintiff,<br><br>v.<br><br>NEO CORPORATION,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CONSENT PROTECTIVE ORDER |

This matter is before the Court on a Consent Motion for Protective Order (Doc. 9). The motion is granted, and the parties' proposed Order is accepted, except as amended where indicated.

---

**IT IS THEREFORE HEREBY ORDERED** that the following confidentiality provisions will govern the production and use of employee records, including the testimony thereof, disclosed through discovery in this action:

1. Defendant will produce to Plaintiff records responsive to Plaintiff's requests for production of documents that are not otherwise objectionable and that pertain to past or present employees of the Defendant, without obtaining the employees' written consent.

2. That during the pendency of this action, or until the Protective Order is amended or suspended, the parties will follow the procedures set forth herein with respect to the use of all produced documents, responses to interrogatories, responses to requests for admissions, deposition transcripts and any other information, documents, objects or things that have been

or will be produced by the Defendant pertaining to past or present employees and, which are designated as "Confidential".

3. With respect to deposition testimony that constitutes or refers to Confidential information, the Defendant may designate portions of the deposition as Confidential information by oral statement during the course of the deposition or upon receipt of the deposition transcript, Defendant shall mark the designated portion of the transcript of the deposition that contains such Confidential information with the notation "Confidential – Subject to Protective Order".

4. The inadvertent production of any record, information, document or thing without a designation of "Confidential" shall not by itself be deemed a waiver of the Defendant's claim of confidentiality as to such matter, and the Defendant thereafter may designate the same as "Confidential". However, to the extent the Plaintiff has already disclosed said confidential information prior to the designation of the Confidential information, said disclosure shall not be deemed a violation of the Protective Order. Upon designation of the record, information, document or thing as "Confidential", to the extent Plaintiff has already disclosed said confidential information, Plaintiff shall immediately retrieve the Confidential information from the other person or persons to whom said Confidential information was disclosed unless said person or persons execute a non-disclosure agreement as set forth in paragraph 6.

5. Records, documents, information or things furnished in the course of this litigation by the Defendant which have been designated Confidential, shall be treated by the Plaintiff as confidential and used solely in connection with this lawsuit and any appeals thereof, and not for any other purpose, and shall not be used by Plaintiff in any other litigation. All records and all copies of records must be returned to Defendant or destroyed within 30 days after the

lawsuit ends. Should Plaintiff elect to destroy the documents, he will, through counsel, certify to the Defendant that the document were destroyed within 30 days after this lawsuit ends.

6. All records, information, documents or things designated as Confidential shall be distributed only to the parties, the attorneys of record for the parties, persons regularly in the employ of the attorneys, and those persons who are engaged as testifying or consulting experts, and only after any person engaged as a testifying or consulting expert has executed the non-disclosure agreement attached as Exhibit A.

*7.* In addition to those persons enumerated in paragraph 6 above, Confidential information may be disclosed to (a) a mediator to assist in the resolution of this matter if counsel in good faith believes it necessary to disclose such confidential information, (b) court reporter at trial or depositions in this case, and (c) court personnel including jurors to the extent required by hearing or trial. Prior to disclosure to any of the above-listed persons other than jurors, counsel for the party disclosing the confidential information shall advise such person or persons that the Court has ordered that such records, information, documents or things shall be kept confidential and may not be disclosed in any form or used for any purpose other than those allowed by the Protective Order. Prior to disclosure to jurors, counsel for the party disclosing the confidential information shall request that the Court advise the jurors that the Court has ordered that such records, information, documents or things shall be kept confidential. *Other portions of this paragraph notwithstanding, all determinations regarding evidence that may be admitted at trial and any instructions that may be provided to the jury with regard to that information are issues for the presiding trial judge.*

8. The dissemination of records, information, documents or things designated Confidential or any information contained in them, is prohibited, except to those individual

described in paragraph 6 and 7. Any individual described in paragraph 6, to whom Confidential information has been disclosed, may discuss the contents of the records or confidential information only with the attorneys of record.

9. If Plaintiff wishes to disclose these records to any individuals other than those described in paragraph 6 and 7, his attorney will first inform the attorney for Defendant. If Defendant does not consent to the disclosure, then Plaintiff may move for modification of this Protective Order. No disclosure of the Confidential information shall be made until the issue has been resolved by the Court or the parties.

10. When Plaintiff provides copies of, or information from, these records to a person listed in paragraph 6, the Plaintiff shall require the recipient to execute the non-disclosure agreement attached as Exhibit A. Plaintiff shall maintain all original non-disclosure agreements executed under this stipulation and provide copies of all executed non-disclosure agreements to the attorney of record for Defendant, except for those of the consulting experts.

11. Nothing will preclude either party from offering into evidence at trial any records provided under this Protective Order or information contained in them.

12. Nothing contained in this Protective Order shall limit, expand or restrict any right of either party to resist or compel discovery with respect to materials that either party may claim to be privileged or otherwise not discoverable in this action, or the right of either party to seek additional protection pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

13. *To the extent any party seeks leave to file information with the Court under seal, such request shall be made in conformity with the Local Rules of this district, including Local Civil Rule 6.1.* ~~In the event a party seeks to file any Confidential material subject to the protection of this Protective Order with the Court, that party shall take appropriate action to~~

~~ensure that the documents receive proper protection from public disclosure including: (a) filing a redacted document if the Defendant is the party seeking to file Confidential information; (b) where appropriate (e.g. in relation to discovery and evidentiary motions), submitting the documents solely for in camera review; or (c) where the preceding measures are not adequate, filing the document under seal.~~

14. The designation of any records, information, documents or things pursuant to this Protective Order shall not, in and of itself, raise any inference as to the legal status of any information, documents or things marked for identification purposes or introduced in evidence at the trial of this action. Nothing herein, however, shall preclude the Defendant form seeking confidential treatment from the Court with respect to such records, information, documents or things or from raising any available objection, including, but not limited to, the admissibility, work product, or privilege.

15. After the termination of this action, this Protective Order shall continue to be binding upon the parties hereto, and all persons to whom Confidential information has been disclosed or communicated.

Signed: September 30, 2020

W. Carleton Metcalf
United States Magistrate Judge

**EXHIBIT A**

**NON-DISCLOSURE AGREEMENT**

I have received and read a copy of the court's Protective Order in the matter of *Adolfo Arellano v. Neo Corporation*, United States District Court, Western District of North Carolina, No. 1:20-CV-27-MR-WCM. I understand that by receiving the records, information, or documents of NEO Corporation designated as "Confidential" (hereinafter "Confidential Materials"), or the information contained in them, I am subject to the Protective Order. I agree to the terms of this non-disclosure agreement as well as the terms of the Protective Order.

I agree that distribution of NEO Corporation's "Confidential Materials", or dissemination of information contained in them is prohibited, except as necessary to discuss with the attorneys of record in this case.

I agree that I will not disseminate NEO Corporation's "Confidential Materials" or any report, summary of expected testimony, or written opinion based on these "Confidential Materials", except to the attorney of record in this case. I agree to deliver any report, summary of expected testimony, or written opinion in a sealed envelope clearly marked "Confidential Information Subject to Court Order."

I understand that the original of this non-disclosure agreement will be retained by the attorney of record for Plaintiff and that a copy of this agreement will be sent to the attorney of record for Defendant.

Date: _________________ Signature: ______________________________

Name: _________________________________

Address: _______________________________

_______________________________________

Telephone: _____________________________